UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JULIO ENRIQUE MERCADO,

                Petitioner,                Case No. 1:15-cv-1320

v.                                    Honorable Robert J. Jonker

CARMEN PALMER,

                Respondent.

_____/


## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will deny Petitioner's motion to stay and dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.      Factual Allegations

Petitioner is incarcerated in the Michigan Reformatory. He was convicted in the Kent County Circuit Court of three counts of armed robbery, one count of conspiracy to commit armed robbery and one count of possession of a firearm during the commission of a felony. On April 16, 2013, the trial court sentenced Petitioner as a third habitual offender to concurrent prison terms of 25-50 years for the robbery and conspiracy convictions, to be consecutive to a 2-year term for the felony-firearm conviction. Petitioner raised the following four claims on direct appeal in the Michigan Court of Appeals: (1) insufficient evidence, (2) improper hearsay in violation of the Confrontation Clause, (3) inaccurate sentencing information, and (4) ineffective assistance of counsel. (Amend. Pet., ECF No. 6, Page ID#24.) The Michigan Court of Appeals affirmed the conviction in an opinion issued on October 28, 2014. Petitioner presented the same four claims in the Michigan Supreme Court, which denied Petitioner's application for leave to appeal on May 28, 2015.

On October 9, 2015, Petitioner filed a motion for relief from judgment in the Kent County Circuit Court. The circuit court denied his motion on October 26, 2015. Petitioner has not yet filed an appeal. Petitioner seeks a stay of the proceedings pending exhaustion of his state court remedies in the Michigan appellate courts.

Petitioner raises two grounds for relief in his amended habeas petition. First, he claims that there was insufficient evidence to support his conviction for conspiracy to commit armed robbery. Second, Petitioner contends that his trial counsel was ineffective for failing to interview or subpoena two witnesses who could have provided exculpatory testimony, failing to call an expert

to support the defense theory of misidentification and  failing to move for suppression of the unduly suggestive tactics employed by the arresting officers.

II.      Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). His burden is satisfied with regard to his claims of insufficient evidence and ineffective assistance of counsel, as they were properly exhausted on direct appeal in the Michigan appellate courts. Petitioner, however, also seeks to include in his habeas petition the claims presented in his motion for relief from judgment. The claims raised in his motion for relief from

judgment appear to relate to the Confrontation Clause and sentence scoring claims presented on direct appeal, but it is unclear whether Petitioner presented precisely the same claims on direct appeal and in his motion for relief from judgment.  In light of this uncertainty and Petitioner's motion to stay the proceedings pending exhaustion of his claims in the state courts, this Court finds that Petitioner has not yet satisfied the exhaustion requirement with regard to the claims presented in his motion for relief from judgment.  In order to properly exhaust his claims, Petitioner must appeal the denial of his motion for relief from judgment to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.[1]

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed."  Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations  period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has

---

[1]Petitioner has six months from the denial of his motion for relief from judgment on October 26, 2015, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals.  *See* M.C.R. 7.205(G)(3).

-4-

exhausted his claims in the state court.  *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.   The Michigan Supreme Court denied his application on May 28, 2015.  Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on August 26, 2015.  Accordingly, absent tolling, Petitioner had one year, until August 26, 2016**,** in which to file his habeas petition.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan*, 533 U.S. at 181-82 (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").  In this case, the statute of limitations was tolled when Petitioner filed his motion for relief from judgment on October 9, 2015.  At that time, Petitioner had  322 days remaining in the limitations period.  The statute of limitations will remain tolled until the proceedings on his motion for relief from judgment have achieved final resolution in the Michigan Supreme Court.  *See Carey v. Saffold*, 536 U.S. 214, 219 (2002); *Allen v. Yukins*, 366 F.3d 396, 400 (6th Cir. 2004).  Thereafter, Petitioner will have 322 days in which to file his habeas petition.

Case 1:15-cv-01320-RJJ-RSK   ECF No. 10 filed 02/18/16   PageID.66   Page 6 of 8

The *Palmer* Court indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[2] Petitioner has far more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, Petitioner's motion for a stay of the proceedings will be denied. Should Petitioner decide not to pursue his unexhausted claims in the state appellate courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will deny the motion to stay and dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly

---

[2]Because Petitioner already has filed his motion for relief from judgment, he arguably would need only thirty days in which to return to this Court after the proceedings conclude in the state courts.

-6-

unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly

dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   February 18, 2016            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE